# Exhibit A

***EFILED***
Case Number 2021L 000170
Date: 2/5/2021 3:46 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

# IN THE CIRCUIT COURT
# THIRD JUDICIAL CIRCUIT
# MADISON COUNTY, ILLINOIS

JOSE RIOS, JR.,                          )
                                         )
                 Plaintiff,              )
                                         )
v.                                       )          Case No.:    -L-
                                         )
AIR METHODS CORPORATION,                 )          2021L 000170
                                         )
                 Defendant.              )
                                         )
Serve:  C T Corporation System           )
        208 SO Lasalle Street, Suite 814 )
        Chicago, Illinois 60604          )

## COMPLAINT

COMES NOW Plaintiff, Jose Rios, Jr., by and through his attorneys, Mathis, Marifian &

Richter, Ltd., and for his Complaint against Defendant, Air Methods Corporation (hereinafter

"Defendant" or "AMC"), state as follows:

## NATURE OF CASE

1.      Plaintiff is a current employee of Air Methods Corporation ("AMC") employed in

the state of Illinois as a flight nurse and non-exempt member of AMC's air medical flight crew

("Medical Crew").  At all times relevant herein, AMC generally required Plaintiff to work two 24-

hour shifts a week. During these shifts, Plaintiff spent all 24 hours either responding to emergency

calls or at Defendant's facilities in order to swiftly respond to emergency calls.

2.      The Illinois Minimum Wage Law, 820 ILCS 115/4a, requires an employer to pay

its employees one and one-half times their regular rate of pay for all time worked over 40 hours in

a workweek. " 'Hours worked' means all the time an employee is required to be on duty, or on the

employer's premises, or at other prescribed places of work, and any additional time he or she is

required or permitted to work for the employer." Ill. Admin. Code tit. 56, § 210.110.

3.      Despite Plaintiff working more than 40 hours in a week, Defendant failed and intentionally refused to pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of 40 hours in a work week.

4.      Defendant justified its failure to pay Plaintiff overtime pay on the basis of a written agreement in which Defendant required that Plaintiff purportedly agree to allow Defendant to treat eight (8) hours of each shift as "sleep time" and to pay Plaintiff straight time for those hours unless the "sleep time" was interrupted. However, the Illinois Minimum Wage Law makes such agreements unenforceable, expressly providing that "any agreement between the employee and the employer to work for less than [the statute requires] is no defense to such action." 820 ILCS 105/12(a); *See also, O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047, 1049 (N.D. Ill. 2002) ("Permitting an employer to violate a minimum wage law, and escape legal consequences by paying an employee something to forget about the violation, undermines the proper functioning of these laws almost as effectively as simply failing to follow them in the first instance.").

5.       Plaintiff brings these actions seeking damages under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), as well as claims for Unjust Enrichment, Willful and Wanton Negligence and Conversion.

## PARTIES

6.      At all times relevant herein, Plaintiff, Jose Rios, Jr., was and is a citizen and resident of Chatham, Sangamon County, Illinois.  He was and/or is employed by AMC at its Springfield and Farmington, Illinois bases as a flight nurse.

7.      At all times relevant herein, Defendant, Air Methods Corporation, was and is a Delaware corporation, registered and duly authorized to conduct business within the State of Illinois, with headquarters and/or its principal place of business located in Greenwood, Colorado.

## JURISDICTION AND VENUE

8.      Defendant, AMC, is an air medical service provider with over 300 bases of operations serving 48 states, including the State of Illinois.

9.      At all times relevant herein, AMC maintained approximately eleven (11) to fifteen (15) physical work locations or bases in various counties across the state of Illinois, including two bases in Madison County, Illinois.

10.     At all times relevant herein, AMC engaged in substantial business in the State of Illinois and derived, and still derives, substantial revenue from services performed within the State of Illinois, including Madison County, Illinois.

11.     Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over AMC because AMC is present in the State of Illinois, including Madison County, Illinois, such that requiring an appearance does not offend notions of fair play and substantial justice.

12.     This Court has specific personal jurisdiction over AMC pursuant to, and consistent with, the Illinois Long-Arm Statute (735 ILCS 5/2-209) in that the causes of action alleged by the Plaintiffs herein arise from one or more of the following:

        a.      AMC's transaction of business within this State (735 ILCS 5/2-209(a)(1));

        b.      AMC's commission of a tortious act with this State (735 ILCS 5/2-209(a)(2));

        c.      The making or performance of any contract or promise substantially connected with this State (735 ILCS 5/2-209(a)(7)).

13.     Venue is proper pursuant to 735 ILCS 5/2-101 in that, at all times relevant herein, (1) AMC has maintained offices, (2) has been doing business in Madison County, Illinois, and (3) a substantial part of the events giving rise to these claims occurred in Madison County, Illinois.

## FACTS RELEVANT TO ALL COUNTS

14.     AMC is an air medical service provider with over 300 bases of operation serving 48 states, including the State of Illinois.

15.     At all times relevant herein, AMC maintained approximately eleven (11) to fifteen (15) physical work locations or bases in various counties across the state of Illinois, including two bases in Madison County, Illinois.

16.     At each of its physical work locations or bases throughout the state of Illinois, AMC typically employs approximately seven (7) to eight (8) Medical Crew personnel, which include flight paramedics and flight nurses.

17.     At all times relevant herein, Plaintiff was and is employed by AMC as a flight nurse assigned to work out of one or more of AMC's bases located in the State of Illinois, including, but not limited to, Springfield and Farmington, Illinois.

18.     Plaintiff was employed by AMC as a "non-exempt" employee for purposes of wages and overtime.

19.     At all times relevant herein, AMC qualified as an employer under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL").

20.     At all times relevant herein, compensation for work performed by Plaintiff for AMC arising out of the State of Illinois was subject to the provisions of the IMWL.

21.     Plaintiff was routinely required by AMC to work in excess of forty (40) hours per week.

22.     Plaintiff, while employed by AMC, was not properly compensated for overtime hours worked in violation of relevant laws, including the IMWL.

23.      Plaintiff was not compensated at one-and one-half times his regular rate of pay for all hours worked in excess of forty (40) in one week.

24.      Instead, AMC implemented and forced its non-exempt Medical Crew employees to sign a policy, which states, in relevant part:

> Medical crews work 24-hour shifts and shall have a signed 24-hour agreement with Air Methods Corporation.  When an Employee is scheduled and works a 24-hour shift, Employee shall be paid their regular straight time rate of compensation for 24-hours.  A sleep period of eight hours shall be regularly scheduled.  Air Methods shall provide dormitory and adequate kitchen facilities.

> The sleep period…shall not be considered hours worked toward the 40-hour work week and paid at the employee's regular rate of pay.

> The period of any interruption to the sleeping period shall be included in "daily time worked" and shall be counted as hours worked.

25.      At all times relevant herein, AMC required its non-exempt Medical Crew employees, including Plaintiff, to remain at the facility or base and be "on call" for medical emergencies during the designated "sleep period."

26.      Although AMC provided rudimentary sleeping facilities, Plaintiff was required to remain on base during sleep periods under conditions substantially less desirable than at Plaintiff's home, and was subject to serious interruptions of sleep periods requiring Plaintiff to scramble to suit up, board a helicopter, fly to a remote location, assist in a life-threatening medical situation, and transport critically ill and injured patients to a hospital emergency room before eventually flying back to a base hours later.

27.      Pursuant to Section 1.10 of the Air Methods Employee Handbook, the "sleep time" during which Plaintiff was required to remain at the facility and be "on call" for medical emergencies was not counted by AMC toward Plaintiff's 40 hours of "daily time worked" for

purposes of calculating overtime, unless that "sleep time" was "interrupted." Instead, AMC calculated and paid such "sleep time" at Plaintiff's normal or straight hourly rate.

28.     At all times relevant herein, AMC knew, or should have known, that the IMWL required payment at one-and one-half times the regular rate of pay for all hours worked by non-exempt Medical Crew in excess of forty (40) in one week.

29.     The requirements of the IMWL and other similar laws was brought to the attention of AMC, but AMC knowingly, willfully and wantonly indicated that it would continue to refuse to compensate Plaintiff and others in accordance with the IMWL until a legal judgment was obtained against AMC directing them to pay these lawfully required wages.

30.     Instead of paying Plaintiff legally required overtime wages, AMC unlawfully converted those wages to its own use and benefit.

31.     On October 2, 2019, a Class and Collective Action Complaint was filed in this Court, captioned *Michael Gretzinger and Angela Gretzinger, individually and on behalf of all others similarly situated v. Air Methods Corporation*, Madison County Circuit Court Case No. 2019-L-001414 (the "Gretzinger Class and Collective Action"). AMC subsequently removed the Gretzinger Class and Collective Action to the United States District Court for the Southern District of Illinois.

32.     Plaintiff is a member of the putative class as alleged in the Gretzinger Class and Collective Action Complaint.

33.     As of the filing of this Complaint, Plaintiff continues to be a member of the putative Gretzinger Class tolling the statutes of limitations.


**COUNT I**
**Violation of Illinois Minimum Wage Law**

**(Violations Occurring Prior to February 19, 2019)**

34.     Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/4a, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1.5 times the regular rate at which he is employed."

36.     Pursuant to Ill. Admin. Code Tit. 56, §210.110, "'[h]ours worked' means all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer."

37.     In addition, despite the fact that AMC required its employees to sign an "Agreement for 24-Hour Shifts of Duty," the IMWL clearly states that "any agreement between the employee and the employer to work for less than [the statute requires] is no defense to such action."  820 ILCS 105/12(a).

38.     AMC failed to pay proper overtime compensation to Plaintiff in violation of the IMWL.

39.     Plaintiff was not exempt from the overtime requirements imposed by 820 ILCS 105/4a.

40.     AMC's failure to pay Plaintiff overtime for hours worked in excess of forty (40) constituted a clear violation of the IMWL.

41.     As a direct and proximate result of AMC's actions, Plaintiff has suffered economic harm for violations of the IMWL.

42.     Plaintiff has suffered economic harm in that Plaintiff was underpaid for overtime hours in excess of forty (40) per week that should have been compensated at 1.5 times the employees' regular rate of pay.

43.     Prior to February 19, 2019, the IMWL provided for a 2% charge on any overtime underpayments for each month following the date of under- or non-payment.  This 2% charge is automatic for violations proven, and does not require any showing of intentional, malicious, willful and/or wanton acts.

44.     Pursuant to the IMWL, Plaintiff is entitled to recover attorney's fees, pre-judgment interest and costs.

45.     In addition, AMC's conduct was intentional, malicious, willful and/or wanton, and in reckless disregard of the rights of the Plaintiff, constituting aggravating circumstances that justify the imposition of punitive damages to deter AMC and others from similar future conduct.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)     Enter judgment for Plaintiff and against the Defendant Air Methods Corporation for violations of the Illinois Minimum Wage Law;

(b)     Award Plaintiff the amount of any and all overtime underpayments or non-payments owed to Plaintiff pursuant to the Illinois Minimum Wage Law;

(c)     Award Plaintiff a 2% charge on all overtime underpayments and non-payments for each month following the date of under- or non-payment;

(d)     Award Plaintiff substantial punitive damages;

(e)     Award Plaintiff his/her attorney's fees, pre-judgment interest and costs herein expended; and

(f)     Award Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of Illinois Minimum Wage Law
### (Violations Occurring On and After February 19, 2019)

46.     Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

47.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/4a, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1.5 times the regular rate at which he is employed."

48.     Pursuant to Ill. Admin. Code Tit. 56, §210.110, "'[h]ours worked' means all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer."

49.     In addition, despite the fact that AMC required its employees to sign an "Agreement for 24-Hour Shifts of Duty," the IMWL clearly states that "any agreement between the employee and the employer to work for less than [the statute requires] is no defense to such action."  820 ILCS 105/12(a).

50.     AMC failed to pay proper overtime compensation to Plaintiff in violation of the IMWL.

51.     Plaintiff was not exempt from the overtime requirements imposed by 820 ILCS 105/4a.

52.     AMC's failure to pay Plaintiff overtime for hours worked in excess of forty (40) constituted a clear violation of the IMWL.

53.    As a direct and proximate result of AMC's actions, Plaintiff has suffered economic harm for violations of the IMWL.

54.    Plaintiff has suffered economic harm in that Plaintiff was underpaid for overtime hours in excess of forty (40) per week that should have been compensated at 1.5 times the employees' regular rate of pay.

55.    On and after February 19, 2019, the IMWL was amended to provide for a 5% charge on any overtime underpayments for each month following the date of under- or non-payment.

56.    Pursuant to the IMWL, Plaintiff is entitled to recover attorney's fees, pre-judgment interest and costs.

57.    On and after February 19, 2019, the IMWL further provides for treble the amount of any such underpayments.

58.    In addition, or in the alternative to treble damages, Defendant's conduct was intentional, malicious, willful and/or wanton, and in reckless disregard of the rights of Plaintiff, constituting aggravating circumstances that justify the imposition of punitive damages to deter Defendant and others from similar future conduct.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)    Enter judgment for Plaintiff and against Defendant Air Methods Corporation for violations of the Illinois Minimum Wage Law;

(b)    Award Plaintiff treble the amount of any and all overtime underpayments owed to Plaintiff pursuant to the Illinois Minimum Wage Law;

(c)    Award Plaintiff substantial punitive damages in addition, or in the alternative to, treble damages, whichever amount is greater;

(d)   Award Plaintiff a 5% charge on all overtime underpayments and non-payments for each month following the date of under- or non-payment;

(e)   Award Plaintiff his/her attorney's fees, pre-judgment interest and costs herein expended; and

(f)   Award Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II
## Unjust Enrichment

59.   Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

60.   Plaintiff is entitled to payment of the correct amount of wages due from AMC.

61.   AMC has been unjustly enriched by utilizing Plaintiff's services without providing the required compensation earned by and owed to Plaintiff.

62.   As a direct and proximate result of AMC's unjust enrichment, Plaintiff has suffered economic harm.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)   Enter judgment for Plaintiff and against Defendant Air Methods Corporation on Plaintiff's claim for unjust enrichment;

(b)   Award Plaintiff compensatory damages;

(c)   Award Plaintiff substantial punitive damages;

(c)   Award Plaintiff his/her attorney's fees, pre-judgment interest and costs herein expended; and

(d)   Award Plaintiff such other and further relief as this Court deems just and proper.

## COUNT IV
## Willful and Wanton Negligence

63.     Plaintiff incorporate sby reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

64.     At all times relevant herein, AMC had a duty to pay Plaintiff the minimum wage provided under the laws of the State of Illinois, including payment of overtime wages.

65.     AMC breached its duty by failing and refusing to pay Plaintiff the minimum wage provided under the laws of the State of Illinois, specifically by failing and refusing to pay 1.5 times Plaintiff's regular rate of pay for hours worked over 40 hours per week.

66.     At all times relevant herein, AMC knew, or should have known, that it had a legal duty to pay Plaintiff at one-and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in one week.

67.     The requirements of the IMWL and other similar laws was brought to the attention of AMC, but AMC knowingly, willfully and wantonly made the conscious and knowing decision to continue to refuse to compensate the Plaintiff in accordance with the law until it was sued and a legal judgment was obtained against AMC directing them to pay these lawfully required wages.

68.     As a direct and proximate result of AMC's failure and refusal to pay Plaintiff overtime wages which AMC had a legal duty to pay, Plaintiff has incurred damages in the amounts owed to Plaintiff.

69.     AMC's conduct was intentional, malicious, willful and/or wanton, and in reckless disregard of the rights of Plaintiff, constituting aggravating circumstances that justify the imposition of punitive damages to deter AMC and others from similar future conduct.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)     Enter judgment for Plaintiff and against Defendant Air Methods Corporation for overtime wages owed and withheld due to AMC's willful and wanton negligence;

(b)     Award Plaintiff substantial punitive damages;

(c)     Award Plaintiff his/her attorney's fees, pre-judgment interest and costs herein expended; and

(d)     Award Plaintiff such other and further relief as this Court deems just and proper.

**COUNT V**
**Conversion**

70.     Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

71.     Air Methods wrongfully and without authorization assumed dominion and control over personal property belonging to Plaintiff -- namely, monies owed to Plaintiff for overtime wages.

72.     Plaintiff had ownership rights in said monies owed, which monies were wrongfully withheld from Plaintiff's paychecks.

73.     Plaintiff had the absolute and unconditional right to the immediate possession of said monies.

74.     Demand was made by and on behalf of Plaintiff for said monies, which demand was refused by AMC.

75.     At all times relevant herein, AMC knew, or should have known, that it had a legal duty to pay Plaintiff the monies that were demanded.

76.     After such demand was made, AMC knowingly, willfully and wantonly made the conscious and knowing decision to continue to refuse to pay the monies demanded by or on behalf of Plaintiff until it was sued and a legal judgment was obtained against AMC directing them to pay said monies.

77.     As a direct and proximate result of AMC's wrongful acts, Plaintiff has incurred damages in the amounts owed for overtime pay.

78.     AMC's conduct was intentional, malicious, willful and/or wanton, and in reckless disregard of the rights of Plaintiff, constituting aggravating circumstances that justify the imposition of punitive damages to deter AMC and others from similar future conduct.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)     Enter judgment for Plaintiff and against Defendant Air Methods Corporation for overtime wages owed and converted by AMC;

(b)     Award Plaintiff substantial punitive damages;

(c)     Award Plaintiff his/her attorney's fees, pre-judgment interest and costs herein expended; and

(d)     Award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MATHIS, MARIFIAN & RICHTER, LTD.**

By: /s/  Mark S. Schuver
         Mark S. Schuver, #06197565
         Deanna L. Litzenburg, #06270172
         Natalie T. Lorenz, #06309572
         23 Public Square, Suite 300
         P.O. Box 307
         Belleville, Illinois 62220
         Phone: (618) 234-9800
         Fax: (618) 234-9786
         mschuver@mmrltd.com
         dlitzenburg@mmrltd.com
         nlorenz@mmrltd.com
                  and

**WALTON TELKEN, LLC**

By: /s/  Troy E. Walton

Troy E. Walton, #6274303
241 North Main Street
Edwardsville, Illinois 62025
Phone: (618) 307-9880
Fax: (618) 307-9881
twalton@waltontelken.com
and

**ZIGLER LAW GROUP, LLC**


By: /s/  Aaron M. Zigler
Aaron M. Zigler, #6276907
308 S. Jefferson St., Suite 333
Chicago, Illinois  60661
Phone: (312) 673-8427
Fax: (312) 535-5773
aaron@ziglerlawgroup.com

*Attorneys for Plaintiff*