IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE RIOS, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-285-SMY |
| | ) |
| AIR METHODS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to its obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008)), the Court has reviewed the Notice of Removal in this case (Doc. 1).  Plaintiff Jose Rios, Jr. originally filed the instant lawsuit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois against Defendant Air Methods Corporation ("Air Methods") on February 5, 2021.  Plaintiff alleges violations of the Illinois Minimum Wage Law, 820 ILCS 105/4a, and state law claims for unjust enrichment, negligence, and conversion.  Air Methods removed the case to this court on March 12, 2021, asserting federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441.  Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction depends on the amount in controversy when the federal lawsuit suit began. *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006). The burden of establishing federal

jurisdiction falls on the party seeking removal. If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The amount in controversy stated in the plaintiff's Complaint generally controls unless it is legally impossible. *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir. 2006). If the Complaint does not establish the amount in controversy, the party invoking federal jurisdiction may establish the amount through factual assertions or other evidence. *Meridian*, 441 F.3d at 541-42; *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997). Jurisdictional facts must be established by a preponderance of the evidence, *Meridian*, 441 F.3d at 540, and the removing party's burden is to show "what the plaintiff hopes to get out of the litigation." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands."). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

Here, Air Methods estimates that Plaintiff's compensatory damages for unpaid overtime wages is $47,685.12 – far below the amount in controversy requirement. However, Air Methods asserts that courts routinely award a prevailing plaintiff an attorneys' fee award of more than $100,000 in single-plaintiff wage-and-hour cases, and citing *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998), maintains that potential legal fees also count toward the amount in controversy when the prevailing party is entitled to recover them as damages. But Air Methods' position is actually at odds with *Gardynski-Leschuck*.

In *Gardynski–Leschuck,* the Seventh Circuit held that future attorney's fees are not properly considered an amount "in controversy" when the suit arrives in federal court. 142 F.3d at 959.

Pointing out that jurisdiction depends on the state of affairs when a case arrives in federal court, the Court reasoned:

> [P]ost-filing events that increase defendant's outlay cannot create jurisdiction that was lacking at the outset.... It would be neither sensible nor consistent with *St. Paul Mercury* [*Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)] to say that there was no federal jurisdiction on the date the complaint was filed, the trial held, or the judgment entered in the district court, but that the appeal enabled counsel to run up the tab and create a jurisdictional basis for further proceedings.  Unless the amount in controversy was present on the date the case began, the suit must be dismissed for want of jurisdiction."

*Id.* at 958.  The Court specifically noted that unlike future income lost to injury, legal fees that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed." *Id.* at 959.  Thus, pursuant to *Gardynski–Leschuck,* Air Methods cannot establish the amount in controversy via a speculative assertion that Plaintiff may be entitled to over $100,000 in attorneys' fees if she prevails.

Because Air Methods has not provided the Court with competent evidence that the amount in controversy exceeds $75,000, it has failed to meet its burden to establish federal jurisdiction. Accordingly, the Court finds that it does not have proper subject matter jurisdiction over this matter and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the case back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:  March 26, 2021**

**STACI M. YANDLE**
**United States District Judge**